IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CHRISTOPHER DAVIS,

    Plaintiff,
v.                                      C.A. No.: 1:22-cv-212

RYAN TIMM, D/B/A TIMBER'S FINE FURNISHINGS,

    Defendants
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER DAVIS (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendant, RYAN TIMM, D/B/A TIMBER'S FINE FURNISHINGS (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in

29 U.S.C. § 216(b).

## VENUE

3.   Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, RYAN TIMM, D/B/A TIMBER'S FINE FURNISHINGS, has offices Hays County, Texas, and the events alleged herein occurred in Hays County, Texas.

## THE PARTIES

4.   Plaintiff, CHRISTOPHER DAVIS, is an individual residing in Charlotte County, Florida.

5.   Plaintiff, CHRISTOPHER DAVIS, was employed by Defendant from July of 2021 until November 20, 2021, as a cabinet builder and installer and was paid at the regular rate of $25.00 per hour.

6.   Defendant, RYAN TIMM, D/B/A TIMBER'S FINE FURNISHINGS is an individual residing in Hays County, Texas.

7.   Defendant, RYAN TIMM, D/B/A TIMBER'S FINE FURNISHINGS primarily operates a cabinet manufacturing company and is an employer as defined by 29 U.S.C. § 203(d).

8.   Defendant, RYAN TIMM, D/B/A TIMBER'S FINE FURNISHINGS, is an employer as defined by 29 U.S.C. § 203(d).

9.   Defendant, RYAN TIMM, D/B/A TIMBER'S FINE FURNISHINGS, (1) possessed the power to hire and fire his employees, (2) directly supervised

Plaintiff and set Plaintiff's work schedules or conditions of employment, (3) determined the rate and method of payment; (4) wrote Plaintiff's payroll checks; and (5) maintained employment records.

10. Defendant, RYAN TIMM, D/B/A TIMBER'S FINE FURNISHINGS, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

11. At all times material to this complaint, Defendant, RYAN TIMM, D/B/A TIMBER'S FINE FURNISHING, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12. At all times material to this complaint, Defendant, RYAN TIMM, D/B/A TIMBER'S FINE FURNISHINGS, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendant, RYAN TIMM, D/B/A TIMBER'S FINE FURNISHINGS, is a cabinet manufacturing company that utilizes goods in interstate commerce to produce cabinets and other furnishing for sale.

13. At all times material to this complaint, Defendants employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce.

14. At all times material to this Complaint, Defendant was the employer of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

15. Plaintiff occupied the position of cabinet builder and installer and did not hold a position considered as exempt under the FLSA.

16. Defendant's management required Plaintiff to work in excess of 40 hours in a workweek.

17. Plaintiff was not paid for his overtime work in accordance with the FLSA.

18. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

19. Specifically, Plaintiff was never paid time and one-half for the work performed for Defendants that was in excess of 40 hours in a workweek. The work schedules for the Plaintiff required his to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks. In fact, Plaintiff worked numerous workweeks wherein he worked in excess of 50 hours in workweek, but was only paid his regular hourly rate for all hours worked.

20. Defendant's policy of not properly paying overtime is company-wide and was willful.

21. Defendant either knew about or showed reckless disregard for the matter of whether his conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

22. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

23. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

24. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

25. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, CHRISTOPHER DAVIS, demands Judgment against Defendant for the following:

a. Awarding Plaintiff compensatory damages, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, CHRISTOPHER DAVIS, demands a jury trial on all issues so triable.

Respectfully submitted this March 4, 2022.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**ATTORNEYS FO PLAINTIFF**